# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| COLEMAN MASON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OPINION** |
| v. ) | **AND RECOMMENDATION** |
| ) | 1:08CV864 |
| MICHAEL J. ASTRUE, ) | |
| ) | |
| Defendant. ) | |

In this matter, Plaintiff seeks judicial review of the denial of his claim for benefits under Title II of the Social Security Act. Pending before the court is Defendant's motion to dismiss Plaintiff's claim as time-barred (docket no. 8). Plaintiff has responded in opposition to the motion, and the matter is ripe for disposition. Furthermore, the parties have not consented to the jurisdiction of the magistrate judge. The motion must, therefore, be dealt with by way of recommendation. For the following reasons, it will be recommended that the court grant Defendant's motion to dismiss.

**BACKGROUND**

On October 24, 2006, an administrative law judge ("ALJ") issued a decision finding that Plaintiff was not under a disability within the meaning of the Social Security Act at any time through March 31, 2004, his date last insured, and he was therefore not entitled to benefits under Title II of the Social Security Act. The ALJ

also determined, however, that Plaintiff's impairments met the requirements of Listing Sections 12.04 and 12.06 as of January 1, 2006, and that he is therefore disabled as of that date for purposes of Supplemental Security Income benefits. (*See* Ex. 1.)

Plaintiff requested review by the Appeals Council of the denial of his Title II benefits. On September 19, 2008, the Appeals Council denied his request, making the ALJ's decision the final decision of the Commissioner. (*See* Ex. 2.) Plaintiff then had sixty days from receipt of the Appeals Council's notice of denial to commence action in this court. *See* 42 U.S.C. § 405(g). Plaintiff filed this action on December 2, 2008, more than sixty days after the Commissioner's decision. (*See* docket no. 1.)

**DISCUSSION**

Defendant contends that Plaintiff's complaint should be dismissed because it was filed more than sixty days after receipt of the "final decision" of the Commissioner. I agree. The Supreme Court has stated that "[t]he United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (alteration and omission in original) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). The Court has also observed that Congress is constitutionally empowered to prescribe

2

the procedures and conditions for judicial review of administrative orders. *City of Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958).

Here, Congress has prescribed the procedures and conditions for the judicial review of final decisions made by the Commissioner on claims arising under Title II and Title XVI of the Social Security Act in 42 U.S.C. §§ 405(g) and 405(h). Under these provisions, an action to review the final decision made by the Commissioner after the case has been heard must be brought within sixty days after receipt of notice of the Commissioner's final decision, or within such further time as allowed by the Commissioner. *See* 42 U.S.C. §§ 405(g), 405(h); *see also Califano v. Sanders*, 430 U.S. 99, 108 (1977) (noting that the Congressional intent embodied in Section 405(g) was "to impose a 60-day limitation upon judicial review of the Secretary's final decision on the initial claim for benefits"). Plaintiff did not file his complaint within sixty days of the presumptive receipt of notice of the Commissioner's final decision, and his complaint is therefore time-barred.

Furthermore, the circumstances in this case do not justify equitable tolling. The sixty-day time period may be equitably tolled under certain circumstances. *See Bowen v. City of New York*, 476 U.S. 467, 481 (1986). In most cases, the Commissioner determines whether to extend the sixty-day period, but the court will step in and extend the period in cases where the equities in favor of tolling the sixty days show that deference to the agency's judgment is inappropriate. *Id.* The sixty-

3

day time limit, however, is a statute of limitations that constitutes a condition on the waiver of sovereign immunity and therefore must be strictly construed. *Id.* at 479. The Supreme Court has held specifically that "when Congress attaches conditions to legislation waiving the sovereign immunity of the United States, those conditions must be strictly observed." *Block v. North Dakota*, 461 U.S. 273, 287 (1983).

Here, I agree with Defendant that the circumstances do not justify equitable tolling of the sixty-day requirement. The Appeals Council letter informing Plaintiff that his request for review of the ALJ's decision had been denied was mailed to him at the same address that appears on the ALJ's decision. Therefore, the notice was properly sent to Plaintiff, and Plaintiff has not offered sufficient justification for failure to timely file this action. In arguing for equitable tolling, Plaintiff contends that the delay was only seven days and did not prejudice Defendant, that this is the last opportunity for Plaintiff to obtain relief for denial of his Title II benefits, and that the delay was caused by "a miscommunication" between the two separate counsels that have represented him in this matter. More specifically, his current counsel contends that she did not represent Plaintiff when the case was pending before the Social Security Administration, that she did not receive the Notice of the Appeals Council, and when Plaintiff's prior counsel referred the case to her in early November, she "erroneously believed that the Complaint was filed prior to the sixty day deadline." (*See* Br. Opp'n Mot. Dismiss, docket no. 12.) These stated reasons are not

4

sufficient to warrant the application of equitable tolling. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (explaining that the principles of equitable tolling "do not extend to what is at best a garden variety claim of excusable neglect"). Therefore, the motion to dismiss should be granted.

**CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that the court **GRANT** Defendant's motion to dismiss (docket no. 8) as time-barred.

_____
WALLACE W. DIXON
United States Magistrate Judge

June 22, 2009